UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LAC T. HOILIEN, *also known as* Lac T. Hoilen, | ) ) ) |
| Plaintiff, | ) Case No.: 2:10-cv-01258-GMN-LRL ) |
| vs. | ) **ORDER** ) |
| BANK OF AMERICA, et al., | ) ) |
| Defendants. | ) ) |

Before the Court is Defendants Bank of America, N.A.; Recontrust Company, N.A.; and Countrywide KB Home Loans' Motion to Dismiss (ECF No. 6) and Defendant First American Title Insurance Company's Motion to Dismiss (ECF No. 12). Plaintiff Lac Hoilien ("Plaintiff") has not filed a Response to either Motion. For the reasons that follow, both Motions to Dismiss will be GRANTED.

**I.   BACKGROUND**

This lawsuit was filed in this Court on July 27, 2010. In her Complaint, Plaintiff--a *pro se* litigant--alleges a number of causes of action against Defendants related to the foreclosure of one of her mortgages. In both the Notice of Lis Pendens (ECF No. 2) and the Complaint (ECF No. 1), Plaintiff lists her address as: Lac Hoilien/7205 Mountain Den Avenue/Las Vegas, NV 89179.

On August 17, 2010, Defendants Bank of America, N.A.; Recontrust Company, N.A.; and Countrywide KB Home Loans filed a Motion to Dismiss (ECF No. 6). Pursuant to D. Nev. R. 7-2(b), Plaintiff had fourteen days after service of the Motion to file a Response. A physical copy of the Motion was sent to Plaintiff's address by first class mail on August 17, 2010 (Mot. 18, ECF No. 6); therefore, Plaintiff had until

September 3, 2010 to file a Response.  Not only did Plaintiff fail to meet this deadline, Plaintiff has failed to file any Response at all.

On September 28, 2010, Defendant First American Title Insurance Company filed a Motion to Dismiss (ECF No. 12).  Pursuant to D. Nev. R. 7-2(b), Plaintiff had fourteen days after service of the Motion to file a Response.  A physical copy of the Motion was sent to Plaintiff's address by first class mail on September 28, 2010, (Mot. 19, ECF No. 12); therefore, Plaintiff had until October 15, 2010 to file a Response.  Not only did Plaintiff fail to meet this deadline, Plaintiff has failed to file any Response at all. Local Rule of Civil Practice 7-2(d) provides that "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion."

Part of the reason for Plaintiff's failure to respond may be that she provided the Court with an incorrect mailing address.  It appears that several Minute Orders sent to the address Plaintiff provided have been returned as undeliverable. (*See* ECF Nos. 5, 10, & 14.)  Further, it appears as though the copies of the first Motion to Dismiss (ECF No. 6), the Request for Judicial Notice (ECF No. 8), and the Non-Opposition to Motion to Dismiss (ECF No. 9) mailed to Plaintiff's address by Defendants were returned as undeliverable. (*See* ECF No. 11.)  If Plaintiff has, indeed, failed to notify the Court of a change in address, that, too, would be a violation of the Local Rules, as Local Rule of Special Proceedings and Appeals 2-2 provides that "[t]he plaintiff shall immediately file with the court written notification of any change of address.  The notification must include proof of service upon each opposing party or the party's attorney.  Failure to comply with this rule may result in dismissal of the action with prejudice." *See also ACV International, LLC v. White*, No. 2:07-cv-00214-RCJ-PAL, 2008 WL 5273694, at *2 (D. Nev. Dec. 16, 2008) (finding a violation of LSR 2-2 in a civil proceeding where a *pro se*,

non-prisoner party failed to update his address with the Court).

## II. DISCUSSION

As the Ninth Circuit has explained, "[f]ailure to follow a district court's local rules is a proper ground for dismissal." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995); *see, e.g., Roberts v. United States of America*, No. 01-cv-1230-RLH-LRL, 2002 WL 1770930, at *1 (D. Nev. June 13, 2002). However, before dismissing a case for failing to follow local rules, the district court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic sanctions; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

Under this test, "the public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Further, the Court's need to manage its docket is manifest. *See State Farm Mutual Automobile Insurance Company v. Ireland*, No. 2:07-cv-01541-RCJ-RJJ, 2009 WL 4280282, at *3 (D. Nev. Nov. 30, 2009). The risk of prejudice to Defendants is also quite high, as Plaintiff's failure to respond to Defendants' Motions and failure to apprise the Court of her current address has unreasonably delayed the resolution of this case, and such unreasonable delay "creates a presumption of injury to the defense," *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

The fifth factor also does not weigh in favor of Plaintiff because it does not appear that this case was likely to be decided on the merits anyway: Plaintiff has failed to provide an accurate address to which correspondence can be directed and has done little to prosecute the case in the eight months that it has been pending other than file the Complaint and execute the Summons. Further, because the Court will grant dismissal

without prejudice, a disposition on the merits will still be possible.  These four factors outweigh factor (4) and, accordingly, Defendants' Motions to Dismiss are GRANTED.

## CONCLUSION

IT IS HEREBY ORDERED that Defendants' Motions to Dismiss (ECF No. 6 & 12) are **GRANTED**.  This case is **DISMISSED without prejudice**.

DATED this 16th day of March, 2011.

_____
Gloria M. Navarro
United States District Judge